Newman, J.
The question presented by the. record for our determination is whether plaintiffs in error, the purchasers of the real estate of Weible at the sale in the partition proceeding, acquired title to the timber which had been sold by Weible to Snider and by him transferred to defendant in error. This question is raised by the motion to strike from the answer certain' allegations relating to the sale of the timber and to the partition proceeding.
It cannot be claimed seriously that the sale of the timber in the case at. bar was not a sale of an interest in land. The case of Hirth v. Graham, 50 Ohio St., 57, is in point, in which it is held that a sale of standing timber, whether or not *429 the parties contemplate its immediate severance and removal by the vendee, is a contract concerning an interest in lands, within the meaning of the statute of frauds. This case is followed and approved in Clark v. Guest, 54 Ohio St., 298.
Section 8543, General Code, is as follows: “All other deeds and instruments of writing for the conveyance or incumbrance of lands, tenements, or hereditaments, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the premises are situated, and until so recorded or filed for record, they shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or instrument.”
The instrument of writing by which Weible conveyed the timber in question was not recorded or filed for record in the office of the recorder of the county, nor is there any claim that plaintiffs had knowledge of the existence of the instrument, nor any claim that the purchaser or his transferee took possession or did any act or took any step which would put one on notice that they, or either of them, had any interest in or title to the timber at the time of the purchase of. the real estate by the plaintiffs at the sale made in the partition proceeding.
In Morris v. Daniels, 35 Ohio St., 406, Judge McIlvaine, in passing upon a statute similar to Section 8543, in which the phrase "bona fide purchaser” was used, says a subsequent purchaser will not be protected against a prior unrecorded *430 deed, unless the purchase be made in good faith, for a valuable consideration and without knowledge, at the time, of the existence of the former deed.
In the case at bar, the purchase by plaintiffs was made in good faith, for a valuable consideration and without knowledge, at the time, of the instrument executed by Weible.
It appears from that part of the answer which was stricken out on motion that the sale of the real estate in question was made by the sheriff ■under order of the court in a partition proceeding, which sale was confirmed by the court. It was a sale made by a court of competent jurisdiction in a pending proceeding by an officer authorized by law for that purpose, and confirmation was necessary. The sale in question was, therefore, a judicial sale, a distinguishing feature of which, as has been held by this court, is that it must be confirmed by the court before it will be complete.
But a bona fide purchaser at a judicial sale is entitled to the same protection, under the provisions of Section 8543, General Code, as a purchaser at private sale. This was the holding of this court in Sternberger & Willard v. Ragland, 57 Ohio St., 148, where it was held that a bona fide purchaser at a judicial sale, without notice of an unrecorded deed, is within the protection of Section 4134, Revised Statutes, now Section 8543, General Code.
We appreciate the fact that the rule of caveat emptor applies to judicial sales, but the rule does not charge a purchaser with knowledge of an ■unrecorded instrument affecting the title of the existence of which instrument he had no knowledge, nor where possession is not taken thereunder.
*431 In the case of Arnold v. Donaldson, 46 Ohio St., 73, which is cited by defendant in support of its contention, it is laid • down as a rule that the maxim caveat emptor is applied in all its force in judicial sales, but it is stated by the court in that case that in the absence of fraud the buyer buys at his own risk as to title. In Vattier v. Lytle’s Executors, 6 Ohio, 478, one of the earlier cases in which the rule of caveat emptor is discussed, the court follows and approves a case in which it is laid down that if there is fraud, that will affect the sale by sheriffs as well as all other sales.
By force of the provisions of Section 8543, an instrument for the conveyance of land, until it is recorded in the office of the recorder or filed for record, is deemed fraudulent, so far as it relates to a subsequent bona ñde purchaser having, at the time of the purchase, no knowledge of the existence of such instrument. Can it be said, then, that in the case at bar there was an absence of fraud? The failure on the part of the defendant or its predecessor to record or file for record the instrument under which it was claiming title, so far as it affected the title of plaintiffs in error—the bona ñde purchasers—under the plain provisions of Section 8543, rendered the instrument fraudulent.
It is contended by counsel for defendant in error that Weible, in his lifetime, after he had sold the timber to Snider, could not have asserted any right to the timber growing on the land north of the road running through the farm and described in the petition, that only such title as Weible himself had descended to his heirs, and only such title as the heirs had would pass by the sale in the partition *432 suit. This seems to have been the ground upon which the circuit court based its decision in holding that the allegations set out in the answer constituted a good defense.
In support of their contention, counsel rely upon the case of Tabler v. Wiseman, 2 Ohio St., 208. In that case the whole of a tract of land, of which the intestate died seized, had been assigned to his widow as her dower. The question for determination was whether his heirs, who were remainder-men, could maintain a proceeding in partition during the lifetime of the widow. The rights of an innocent purchaser were in no way involved. We fail to see the applicability of the law of that case to the facts in the case at bar.
It is true that the instrument executed by Weible was enforcible as between him and defendant. It was enforcible against the heirs of Weible also, although it was neither recorded nor filed for record, for the reason that these heirs could not avail themselves of the provisions of Section 8543, for they were not bona ñde purchasers. But as to plaintiffs, they were purchasers at a judicial sale and bona fide purchasers, and were protected by the provisions of this section. Had Weible, after the execution of the written instrument and upon the failure of Snider to have it recorded or to file it for record, sold the land at private sale to a bona ñde purchaser, without knowledge of the existence of the instrument, the same would have been wholly unavailable against the purchaser. If the heirs of Weible had made a disposition of the property to a purchaser for value, and without knowledge of the existence of the instrument, *433 defendant could have made no claim thereto. In either event, it could be claimed with as much force as is claimed in the case at bar that neither Weible nor his heirs could dispose of a greater interest in the land than they themselves actually owned. But such a doctrine is not sound, and, if carried into effect, would nullify wholly the provisions of Section 8543 ahd afford no protection to a bona fide purchaser of real estate having no knowledge of outstanding claims.
For the reasons we have given, we are of the opinion that the matter stricken from the answer of the defendant was immaterial and irrelevant and did not constitute a defense, and that the common pleas court committed no error in sustaining the motion. This being the only error found by the circuit court in reversing the judgment of the common pleas court, we conclude that the judgment of the circuit court should be reversed and that of the common pleas court affirmed.

Judgment of circuit court reversed and that of common pleas court affirmed.

Shauck, Johnson, Wanamaker and Wilkin, JJ., concur. Nichols, C. J., and Donahue, J., not participating.